[Tuscarawas (5th) Court of Appeals, February 12, 1919.]

Houck, Shields and Patterson, JJ.

\*STATE EX REL GEORGE W. CLARK ET AL V. JAMES M. MCCLEL-LAND, GDN.

1. **Citation against Sureties Lies on Application of Wards Without Determination of Amount of Guardian's Default.**
   When a guardian has failed for a long period to file an account showing the condition of his trust, and his wards are without knowledge as to the amount of money which has passed through his hands, and a summons issued for him at their instance on a citation to file an account is returned "not found," application lies by the wards to the probate court for a citation against the sureties on the bond of the guardian as a preliminary step to enforce an accounting as to the amount of his default.
2. **Running of Ten Years Limitations on Bonds of Guardians.**
   The ten years statute of limitations on the bringing of suits on the bonds of guardians does not begin to run until the right of action accrues—that is from the filing of the final account, or an ascertainment as to the amount unaccounted for by the guardian.

*H. I. N. Stafford* and *Welty & Burt*, for plaintiff in error.
*W. V. Wright*, for defendant in error.

### SHIELDS, J.

It appears by the record herein that on March 16, 1893, the defendant in error, James McClelland, was duly appointed guardian of the persons and estates of the relators, George W. Clark and Bertha Clark, minors, by the probate court of Tuscarawas county, Ohio; that a bond in the sum of $150 was then given by the said McClelland as such guardian with the defendants in error. David Whitmire and Henry Centavin as sureties thereon, and that an additional bond in the sum of $500 was given by him as such guardian in the year 1895, by order of said probate court,

---

*Affirmed *McClelland v. State*, 101 Ohio St. 42.

State ex rel v. McClelland.

with the defendants in error, Herbert A. Wright and Lyman Hardman as sureties thereon; that at the time of said appointment the said George W. Clark was ten years of age, October 3, 1893, and the said Bertha Clark was twelve years of age, May 5, 1893, both of whom were then entitled to receive a pension from the United States Government, and which fact was entered of record in said probate court at the time of said appointment; that no account has been filed by the said McClelland as such guardian from the time of his said appointment; that on January 2, 1918, a citation was issued by said probate court to the said McClelland as such guardian to file an account of his guardianship in said court upon a date therein named, and a summons was thereupon issued upon said citation for him directed to the sheriff of Cuyahoga county, Ohio, which was returned indorsed "not found"; that afterward and on February 8, 1918, an application for a writ of citation to issue against the said Herbert A. Wright and Lyman Hardman, sureties as aforesaid, was filed in said probate court to file an account in the matter of said guardianship, when the said Hardman filed an answer to said application setting up, among other things, the following:

"This defendant further says that the older of said wards, Bertha Clark, became of full age on May 5, 1899, and that the younger of said wards, George W. Clark, became of full age on October 3, 1904, and that as the time for filing the said application for a writ of citation did not accrue within ten years next preceding the date of filing the same, the said application is therefore barred by the lapse of time and the statute of limitations in such case made and provided."

And that upon a hearing had upon said application to issue said writ of citation said probate court held:

"That the said application and motion on the part of relators to procure an accounting at this late date is barred by lapse of time and the statute of limitations in such case made and provided, and it is further ordered and decreed that the several applications and motions heretofore filed in this court by the said relators requiring and demanding an accounting of said guardianship be and the same are hereby dismissed at the cost of said relators."

Error was prosecuted to the common pleas court of said

county from said judgment, which said court affirmed said judgment of the probate court, not, however, upon the ground that said relators were barred by the statute of limitations, but because said application was open to the objections that it did not definitely state the amount then due and owing to said relators by said guardian so that said probate court, if it found it necessary to render a judgment, might do so for the amount appearing due in the application made. A petition in error was thereupon filed in this court to reverse said judgment.

The facts in the case are not disputed. If the action here was an action to compel the sureties on a guardian's bond to account for a default made in the payment of trust funds by a guardian, the law is well settled that before such action could be maintained there must be a finding and adjudication by the probate court of the amount due on final account to be filed by the guardian. *Newton* v. *Hammond*, 38 Ohio St. 430.

But the view we take of the question made by the record before us does not involve the preliminary steps necessary to be taken for suit against the sureties on this bond, but relates solely to the legal right of the relators to file an application for a writ of citation to issue against the sureties on said bond to account for the default of said guardian. Failing to get service of process on the guardian, resort was had to proceedings instituted against the sureties, and it was upon the commencement of such proceedings, namely, the application filed for a citation to issue against the sureties that the right of the relators is challenged—challenged by an answer filed by one of the bondsmen wherein he pleads the statute of limitations as a bar against the right of the relators to have such writ issued.

As already indicated, the probate and common pleas courts appear to have entertained widely divergent views of this case, the former holding that the statute of limitations operates as a bar, the latter holding that it does not, but rests its affirmance of the judgment by the former on other grounds. Under the general powers incident to the jurisdiction conferred on probate courts in the matter of guardian accounts and the duty enjoined upon such courts by law to guard and protect the interests of minors, we do not incline to the opinion that a case where such interests are endangered by a long continued violation of duty

State ex rel v. McClelland.

on the part of the guardian that such courts are not authorized to act upon an application filed for a writ of citation to issue for such guardian to account, unless said application shows the amount appearing to be due from said guardian under said trust. We think that the application is but a preliminary step to enforce such accounting and that a statement of the fact that the guardian is or has been delinquent of duty is sufficient. As was said by Judge McIlvaine in announcing the opinion of the court in the case already cited when discussing the powers of probate courts and the duties of guardians.

"All these considerations show the wisdom and propriety of the rule which requires the settlement of guardians' accounts by the probate court, which, for that purpose, possesses all the powers of a court of equity, instead of a jury, which does not possess such facilities."

Here it appears that the guardian never filed any account since his appointment and it was not known to the relators, nor had they any means of knowing at the time said application was filed of the amount of pension money collected by him for his said wards. In the application made for the appointment as such guardian by said McClelland, who made oath to the same, the statement therein shows that the property of said wards "consisted of an interest in a pension claim, the value of which is indeterminate." Hence in view of what the record shows they were not then advised of the status of said guardian of said trust in respect to the amount of pension moneys collected by him and with which he was chargeable as such guardian.

We think that said probate court was also in error in dismissing said application. Section 11226 G. C., provides that,

"An action on an official bond, or undertaking of an officer, assignee, trustee, executor, administrator, or guardian, or on a bond or undertaking given in pursuance of statute, shall be brought within ten years after the cause thereof accrued."

In the case of *Newton v. Hammond, Supra*, it was held that,

"A right of action on a guardian's bond to recover from the sureties the amount remaining in the hands of the guardian, first accrues to the ward when such amount is ascertained by the probate court on the settlement of the guardian's final account."

And in the opinion of the court in said case it was said "that an accounting must precede judgment is clear from the fact that the amount of the judgment can not otherwise be ascertained." The reason for this statement requires no elucidation for it is evident that until a finding is made by the court of the amount due under his final account filed, there can be no way of ascertaining the liability of his sureties. It is then that the right of action first accrues. But the sureties make reply and say that the statute provides that unless suit is brought within ten years, etc., they are discharged from liability. But the same statute likewise adds "after the cause thereof accrued." It is not difficult to understand that there may be cases where the neglect of duty by a guardian may entail liability upon sureties, but it must be remembered that such risk is incurred by the relation they voluntarily see fit to assume. And in this case it may be said that if these sureties had cause to apprehend loss through the neglect or failure of a guardian to perform duty, the law afforded them an opportunity to protect themselves. They are not permitted to sign a bond and thereby say to the court and those interested in an estate that they will be answerable for the conduct of a guardian who later on may be found to be derelict of duty, and then escape liability on their bond, unless it is made to appear that they are clearly entitled to the benefit of the statute referred to. Probate courts were established to protect the estates of orphans. It is in a certain sense a trustee designated by the law to look after and protect the interests of the living and dead, and in a rigid and faithful execution of the duties of said office by the incumbent thereof is the only hope of a trusting public. Under the law the probate judge is the person who appoints the person or persons to administer estates; he is the person who fixes the amount and passes upon the sufficiency of bonds to be given for the faithful performance of the trust; and he is the person whom the law designates as the person to see to it that all duties devolving upon guardians under the law are faithfully carried out, either with or without complaint first made. Section 10939 provides,

"The court by which a guardian is appointed, shall enforce the return, at the prescribed times of all inventories and accounts required to be filed therein by him, and enforce the per-

State ex rel v. M'Clelland.

formance of all other duties devolving upon guardians appointed by it, either with or without complaint first made; and thereupon make and enter such judgments and orders as are requisite in any case to promote the faithful and correct discharge of such duties, or to preserve the estates of minors for whom guardians were appointed.''

''With or without complaint first made.''  Charged by the law with the supervision of estates as he is, and ''to preserve the estates of minors for whom guardians were appointed,'' it would seem that a duty rests upon the probate judge in cases like the one under consideration, and if such view is correct, ought minors of tender years pay the penalty of such failure of duty in later years?  The above statute is cited simply to illustrate the solicitude shown by the law and the care required by it in the administration of estates of minors.  The statute is both a humane and just one, and when such estates are taken over and given into the charge and control of others, the latter should be held to a strict account in performing a ''faithful and correct'' discharge of duty, and the sureties of such person or persons pledging, as they do, their property for such discharge of duty, should be held to the letter of their suretyship contract.

Counsel for defendants in error argued and cited in his brief cases wherein it is held that the limitation of suit on an administrator's bond is fixed at ten years from the time action accrues, which under the application of the rule laid down by the Supreme Court in this state, as we interpret it, is ten years *after a final account is filed* when the statute of limitations begins to run, and not till then.  While it is unnecessary to here state that the statutes in all jurisdictions pertaining to the administration of estates, including the limitation of time in which suits may be had on bonds of administrators and guardians are not the same, and while the statutes of this state have undergone change in this respect by amendment from time to time and the powers of probate courts enlarged, we are of the opinion that the proceeding instituted in the probate court to compel an accounting by these sureties was a proper exercise of the powers incident to the jurisdiction conferred by law on probate courts, and that said court erred in dismissing said proceedings for the reasons hereinbefore stated.

The judgment of the court of common pleas in affirming the judgment of the probate court will be reversed and said cause will be remanded to said probate court for further proceedings.

HOUCK and PATTERSON, JJ., concur.